UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NANCY REYNA AND FRANCISCO REYNA,

                              Plaintiffs,                20 Civ. 1233 (NSR)(PED)

      *- against -*                                 **ORDER**

TARGET CORPORATION,

                              Defendant.

**PAUL E. DAVISON, U.S.M.J.**:

       This is a "slip-and-fall" action arising from plaintiff Nancy Reyna's December 18, 2018 accident at defendant's store in White Plains, New York.

       At a conference on September 28, 2022 – the scheduled deadline for the completion of *all* discovery – plaintiff's counsel requested an extension of the expert discovery schedule in order to promulgate a new expert – Dr. Nitin Sekhri, a pain management specialist – regarding plaintiff Nancy Reyna's upcoming surgery to insert a spinal stimulator to alleviate back pain. Because defendant opposed the request, the court directed the parties to submit letter-briefs, which they have done. [Dkt. 65 (Plaintiff); Dkt. 66 (Defendant).] For the reasons stated below, Plaintiffs' request is **DENIED**.

       The original Civil Case Discovery Plan and Scheduling Order was entered on July 21, 2020, and required all discovery to be completed by July 30, 2021. [Dkt. 16.] On June 25, 2021, after plaintiffs amended their complaint to add an additional (subsequently dismissed) defendant, this Court approved an amended Civil Case Discovery Plan and Scheduling Order in order to accommodate incoming counsel; that Order required all discovery to be completed by March 30,

2022. [Dkt. 45.]  The Court thereafter granted six (6) extensions of discovery deadlines requested by the parties, including four (4) extensions of the expert discovery deadline.  The penultimate extension of the expert discovery period, granted on June 24, 2022, set a deadline of August 19, 2022 and was marked "No further extensions." [Dkt. 60.]  Notwithstanding that endorsement, on August 22, 2022 the Court granted a further extension request – to September 28, 2022 – which was premised entirely upon the availability of the parties' experts. [Dkt. 62.]  Needless to say, the parties had ample time to conduct discovery.

According the this Court's records, as early as September 28, 2021, plaintiff's counsel advised the Court that plaintiff's only anticipated expert witness would be the surgeon who performed Nancy Reyna's knee replacement.  Plaintiff formally disclosed Dr. Peter Lementowski, the orthopedic surgeon who performed the knee surgery, as her expert witness on May 2, 2022. [Dkt. 66-1.]  Discovery thereafter proceeded on that basis.  Counsel's September 28, 2022 request was the first time that plaintiff indicated that she wished to advance a second expert, or to introduce expert testimony regarding her back as opposed to her knee.

A district court has "broad discretion to direct and manage the pre-trial discovery process."  *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir.2004).  Nonetheless upon entry of a scheduling order, the order "shall not be modified except upon a showing of good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "A finding of good cause depends on the diligence of the moving party."  *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). In order to show good cause, the moving party must demonstrate that, "despite its having exercised diligence, the applicable deadline could not have been reasonably met."  *Sokol Holdings, Inc. v. BMD Munai, Inc.*, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009).

Here, plaintiff's last-minute pitch to notice Dr. Sekhri as an additional expert cannot fairly be described reflecting diligence. As defendant points out, plaintiff has apparently been treating with Dr. Sekhri, along with Dr. Lementowski, for a substantial period of time. Indeed, Dr. Lementowki's expert report, dated April 6, 2022 and served by plaintiff pursuant to Rule 26(a)(2)(B) on May 2, 2022, specifically describes that course of treatment, [Dkt. 66-1, ECF p. 14 ("patient has now undergone geniculate nerve blocks on 8/12/21 and 2/4/22 by Dr. Sekhri")], and also alludes to the prospect of nerve stimulation. [*Id.*, ECF p. 16 ("Dr. Sekhri is exploring options for radiofrequency ablation as well as nerve stimulation.")]  Thus, Dr. Sekhri is not new to plaintiff's treatment team, and the prospect of spinal stimulation is not a previously unforeseeable development such as might warrant further modification of the scheduling order. Plaintiff's counsel "knew or should have known" that Dr. Sekhri was a potential witness. *Sokol Holdings*, 2009 WL 2524611, at *8.

Although "the primary consideration is whether the moving party can demonstrate diligence," *Kassner v. 2d Avenue Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007), prejudice to the party opposing the motion is also relevant to the Court's analysis. Here, where discovery to date has focused on plaintiff's knee injury, reopening discovery to accommodate a new expert in a different discipline to testify regarding surgery to a different part of plaintiff's body would open the door to additional medical discovery, medical examinations, and a responsive expert or experts, with attendant delay and expense to defendant. *See Kassim v. City of Schenectady*, 221 F.R.D. 363, 367 (N.D.N.Y. 2003)("disruption caused by the proliferation of untimely expert testimony is real"); *Hannah v. Roadway Exp., Inc.*, 200 F.R.D. 651, 653 (D.Colo.2001) ( "If I were to ... allow the late designation [of an expert witness], of course, I would also have to allow

the deposition of the late-designated expert; allow the defendants to designate their own expert, including a deposition; and allow the plaintiff an opportunity to designate a rebuttal expert, including a deposition of the rebuttal expert").

In short, I find that plaintiff has failed to show good cause to reopen expert discovery at this late date. Plaintiff's request for leave to notice an additional expert witness is **DENIED**. The parties shall proceed with motion practice in accordance with the schedule previously adopted by Judge Román. [Dkt. 64.]

Dated: October 21, 2022
White Plains, New York

**SO ORDERED**

_____
Paul E. Davison
United States Magistrate Judge