UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NANCY REYNA et al.,

                                       Plaintiffs,

    -against-

TARGET CORPORATION,

                                        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/03/2024

No. 20 Civ. 1233 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Nancy Reyna ("Plaintiff") and Francisco Reyna bring this action against Defendant Target Corporation ("Defendant") asserting claims for damages arising out of a slip and fall incident at a Target location in White Plains, New York. Presently before this Court is Defendant's motion for summary judgment (the "Motion") pursuant to Federal Rules of Civil Procedure Rule 56. (ECF No. 76.) For the reasons discussed below, the Motion is GRANTED.

### FACTUAL BACKGROUND

    The following facts derive from the Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 ("Def.'s 56.1", ECF No. 80) and the record.[1]

    On December 2, 2018, at approximately 5:00 p.m., Plaintiff arrived at the Target store located at 9 City Place, White Plains, Westchester County, New York. (Def.'s 56.1 ¶ 1.) Plaintiff parked in the garage underneath the store and entered from the garage into a large hallway containing shopping carts. (ECF No. 77-10 (Plaintiff's Deposition Transcript) at 9:16-25.) The hallway also contained bottle recycling redemption machines about seven feet away from the

---

[1] Plaintiff did not submit a Counterstatement of Undisputed Material Facts Pursuant to Local Rule 56.1, but rather only replied to Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1. (*See* ECF No. 86 at ¶ 4.)

1

shopping carts. (*Id.* at 16: 3-5; Def.'s 56.1 ¶ 16.) Plaintiff grabbed a shopping cart and then slipped and fell to the ground. (ECF No. 77-9 (Plaintiff's Deposition Transcript) at 21:4-8.) When Plaintiff landed on the ground, she felt that it was wet in the form of a small puddle. (*Id.* at 21:8-9; 25:20-21.) After exiting the garage, Plaintiff walked approximately six meters before reaching the wet area where she fell. (ECF No. 77-10 at 90:11-13; 92:10.)

Plaintiff denied seeing any liquid on the floor before the alleged accident. (Def.'s 56.1 ¶ 5.) She described the liquid as clear and denied seeing any footprints or cart marks in or around the liquid. (*Id.* ¶¶ 8-9.) Plaintiff did not see any Target employees mopping the floor or working in the area. (*Id.* ¶ 11.) Nor were there wet floor signs or cones near the liquid. (*Id.* ¶ 12.) Plaintiff testified that she does not know how the liquid came to be on the floor nor how long the liquid was on the floor before her alleged accident. (*Id.* ¶¶ 10;13.)

Approximately 15 minutes before Plaintiff's accident, non-party witness, Maricela Cisneros Munoz ("Munoz"), entered the Target store from the garage. (ECF No. 77-12 (Munoz's Deposition Transcript) at 31:5.) Munoz testified in her deposition that she noticed a wet area two meters from the entrance of the store. (*Id.* at 40:2-8.) Munoz did not see a puddle of liquid, but rather only wet spots that encompassed approximately three feet by five feet in area (Def.'s 56.1 ¶¶ 34-35.) The wet spots were not easily noticeable. (*Id.* ¶ 29.) Munoz did not see any other liquids or wet spots on the floor other than the aforementioned area located two meters from the entrance of the store. (*Id.* ¶ 32.)

Munoz then entered the store, did not alert any Target employees to the wet spots, and shopped for 15 minutes before exiting. (*Id.* ¶ 28; ¶ 37.) As Munoz was exiting, she came upon Plaintiff, who had just fallen, and helped her. (*Id.* ¶ 28.) After being contacted by Plaintiff in connection with this litigation, Munoz executed an affidavit, dated February 26, 2019, wherein she

made no mention of seeing the liquid on the floor at any point prior to the alleged accident. (*See* ECF No. 77-13 (Munoz Affidavit).)

## PROCEDURAL HISTORY

On February 12, 2020, Defendant removed this action from the Supreme Court, County of Westchester. (ECF No. 1.) On February 8, 2021, Plaintiff filed the First Amended Complaint. (ECF No. 26.) On April 18, 2023, Defendants filed the instant Motion (ECF No. 76), as well as a memorandum of law (ECF No. 79) and a reply memorandum of law (ECF No. 87) in support thereof. Plaintiff filed an opposition to the Motion. (ECF No. 83.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment must be granted if "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 n. 4 (1986). "[G]enuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, [while] materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999) (internal quotations and citations omitted). In order to prove that a genuine issue of material fact exists, a plaintiff "may not rest upon the mere allegations or denials of the pleading[s]," but must by affidavit or otherwise "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Conclusory statements, conjecture or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996).

Courts must resolve all ambiguities and draw all reasonable factual inferences in favor of the non-moving party. *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742

(2d Cir. 1998). The moving party bears the initial burden of demonstrating an absence of genuine issues of material fact. *See Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). If the initial burden is met, the non-moving party "must produce specific facts indicating that a genuine issue of fact exists. If the evidence [presented by the non-moving party] is merely colorable, or is not significantly probative, summary judgment may be granted." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotations and citations omitted) (alteration in original).

## DISCUSSION

### I. Negligence Standard Under New York Law

On a summary judgment motion in an action for negligence, "the plaintiff must introduce adequate evidence on each element of negligence sufficient to support a favorable jury verdict[, and] . . . in cases where proof of any essential element falls short the case should go no further." *Ortiz v. Wal-Mart Stores E., LP*, No. 17 CIV. 945 (NSR), 2019 WL 1171566, at *3 (S.D.N.Y. Mar. 13, 2019) (quoting *Stanton v. Manhattan E. Suite Hotels,* No. 01-CV-2394, 2002 WL 31641127, at *2 (S.D.N.Y. Nov. 22, 2002)) (alterations in original). Under New York law, to demonstrate a *prima facie* case of negligence, a plaintiff must establish that (1) the defendant owed the plaintiff a duty; (2) the defendant breached the duty; and (3) an injury resulted from the breach. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006).

"With respect to a motion for summary judgment in a slip-and-fall case, 'the plaintiff must demonstrate a genuine issue of material fact that the defendant either created the dangerous condition or had actual or constructive notice of the condition.'" *Ortiz*, 2019 WL 1171566, at *3 (quoting *Gonzalez v. Kmart Inc.*, No. 13-CV-5910(PKC)(VMS), 2016 WL 3198275, at *3 (E.D.N.Y. June 8, 2016)). A plaintiff may establish constructive notice in two ways. *First*, a plaintiff may show that the defect was "visible and apparent and ... exist[ed] for a sufficient length

of time prior to the accident to permit defendant's employees to discover and remedy it." *Taylor v. United States*, 121 F.3d 86, 90 (2d Cir. 1997) (quoting *Gordon v. Am. Museum of Nat'l Hist.*, 492 N.E.2d 774, 775 (N.Y. 1986)). *Second*, the plaintiff may show that the "landowner ha[d] actual knowledge of a recurring dangerous condition," which gives the landowner "'constructive notice of each specific reoccurrence of the condition.'" *Thomason v. Target Corp.*, No. 20 CIV. 8982 (JPC), 2022 WL 1137165, at *4 (S.D.N.Y. Apr. 18, 2022) (quoting *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188, 193 (S.D.N.Y. 2004)).[2]

"Summary judgment for the defendant . . . is appropriate where a plaintiff has provided no evidence from which it could be inferred that the defendant had even constructive notice of the defect before the plaintiff's injury." *Hassan v. Whole Foods Mkt. Grp., Inc.*, No. 13-CV-6345(LLS), 2016 WL 3197133, at *2 (S.D.N.Y. June 6, 2016); *see, e.g., Decker v. Middletown Walmart Supercenter Store*, No. 15-CV-2886(JCM), 2017 WL 568761, at *5 (S.D.N.Y. Feb. 10, 2017) ("[T]here is no evidence that Defendant created the condition, and [the p]laintiff has not pointed to any circumstantial evidence that would create [such] an inference."); *Gonzalez*, 2016 WL 3198275, at *7 (holding that a reasonable jury could not conclude that the defendant had actual or constructive notice of the spill allegedly causing the plaintiff's injury since there was no way to determine duration of hazard based on the evidence presented). Plaintiffs need not show direct evidence in support of each element, but instead, "'[i]t is enough that [the plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred.'" *Kramer v. Showa Denko K.K.*, 929 F. Supp. 733,

---

[2] Plaintiff also contends that Target had actual knowledge of a recurring dangerous condition near the entrance of the store. (*See* ECF No. 83 at 6.) The Court will not consider this argument, however, because Plaintiff raised it for the first time in opposition to summary judgment. *See Lyman v. CSX Transp., Inc.*, 364 F. App'x 699, 701 (2d Cir. 2010) (declining to reach merits of argument raised for first time in opposition to summary judgment); *Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006) (same).

747 (S.D.N.Y. 1996) (quoting *Schneider v. Kings Highway Hosp. Ctr., Inc.*, 67 N.Y.2d 743, 744 (1986)).

## II. Creating the Condition/Actual Notice

In her opposition to Defendant's motion for summary judgment, Plaintiff argues that Defendant had constructive notice of the liquid on the floor, but does not argue that Defendant created the dangerous condition or had actual notice of the hazard before Plaintiff fell. (*See* ECF No. 83 at 3-6.) The Court may dismiss as abandoned claims that are unaddressed in Plaintiff's opposition. *See Camarda v. Selover*, 673 F. App'x 26, 30 (2d Cir. 2016) ("Where, as here, a counseled non-moving party submits 'a partial response arguing that summary judgment should be denied as to some claims while not mentioning others,' that response 'may be deemed an abandonment of the unmentioned claims.'") (quoting *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014); *Melanson-Olimpia v. Wal-Mart Stores East, LP*, 2019 WL 1060625, *4 (S.D.N.Y. Mar. 6, 2019) (plaintiff's allegations of creation and actual notice deemed abandoned by the failure to offer any evidence or arguments on this issue in opposing summary judgment). Thus, the Court deems any arguments about the creation of the hazard and actual notice to be abandoned.

Because Plaintiff does not argue that Defendant created or had actual notice of the alleged liquid on the floor of the main aisle, the Court will address instead whether Defendant had constructive notice.

## III. Constructive Notice

In a slip and fall case, for a defendant to have had constructive notice of the hazardous condition causing the fall, that condition must have been (1) "visible and apparent" and (2) have existed for enough time before the accident for the defendant's employees to have discovered and

remedied the hazard. *Nussbaum v. Metro-N. Commuter R.R.*, 603 F. App'x 10, 12 (2d Cir. 2015) (summary order). The Court addresses each requirement in turn.

### A. Visible and Apparent

The Court finds that Plaintiff has failed to present a triable issue of fact as to whether the liquid was visible and apparent. Plaintiff presents no evidence that the "particular condition" was visible and apparent to Defendant. It is undisputed that the particular condition was not "visible and apparent" to Plaintiff. Plaintiff denied seeing any liquid on the floor before the alleged accident and testified that she does not know how the liquid came to be on the floor. (Def.'s 56.1 ¶¶ 5; 10.) She described the liquid as clear and denied seeing any footprints or cart marks in or around the alleged liquid. (*Id.* ¶¶ 8-9.) Courts in this Circuit have routinely granted summary judgment in similar slip and fall claims on the ground that the defect was not visible and apparent when a plaintiff did not see it prior to the fall. *See, e.g.*, *Watts v. Wal-Mart Stores E., LP*, No. 16-CV-4411 (KMK), 2018 WL 1626169, at *7 (S.D.N.Y. Mar. 29, 2018) (granting summary judgment because "[p]laintiff has failed to present any evidence other than speculation regarding whether the defect was visible and apparent"); *Castellanos v. Target Dep't Stores, Inc.*, No. 12-CV-2775, 2013 WL 4017166, at *6 (S.D.N.Y. Aug. 7, 2013) (granting summary judgment where the plaintiff and her fiancé did not see the plastic that tripped her prior to the fall, where no other witness saw the condition, and where a surveillance video showed customers and employees walking through the area where plaintiff fell without incident or seeming to notice the condition on the ground); *Cousin v. White Castle Sys., Inc.*, No. 06-CV-6335, 2009 WL 1955555, at *8 (E.D.N.Y. July 6, 2009) (granting summary judgment where "no one, including plaintiff, saw the puddle before the plaintiff fell").

Even crediting Munoz's deposition testimony regarding the wet area she observed before Plaintiff's accident,[3] the area Munoz was describing was approximately four meters – or over ten feet – from the area where Plaintiff testified that she slipped and fell. (*Compare* ECF No. 77-12 at 40:2-8 *with* ECF No. 77-10 at 90:11-13; 92:10.) Munoz further stated that she did not see any other liquids or wet spots on the floor other than two meters from the entrance of the store. (Def.'s 56.1 ¶ 32.) Accordingly, the wet area Munoz observed was not the same as the area where Plaintiff fell, and her testimony cannot rescue Plaintiff from the fact that she cannot show that the alleged defect was visible and apparent. Absent Munoz's testimony, Plaintiff:

> has not identified a single fact that could lead to a reasonable conclusion about how or when the puddle formed. There is no evidence of any spills or leaks within the premises and there is no indication that anyone handled any liquid in any manner that could have created a puddle. Additionally no one, including [P]laintiff, saw the puddle before the [P]laintiff fell.

*See Cousin*, 2009 WL 1955555, at *8.

Even assuming, *arguendo*, that Munoz's observations were of the same wet area where Plaintiff fell, Munoz also testified that her observations were of scattered wet spots, not a puddle, and that such spots were not easily noticeable. (*See* Def.'s 56.1 ¶¶ 34-35; ¶ 29.) In other words, even Munoz's observations were not of a visible and apparent defect. *Compare Cagnetto v. Supermarkets Gen. Corp.,* No. CV–86–0972, 1988 WL 71919, at *2 (E.D.N.Y. June 22, 1988) (finding constructive notice because store employees at nearby cash registers should have seen broken egg that contrasted with grey floor in a highly trafficked area of store where items were more likely to be dropped) *with Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 14 (2d Cir. 2008) (summary order) (finding no constructive notice where plaintiff "offered neither

---

[3] The Court notes that Munoz's deposition testimony regarding the wet area she observed before Plaintiff's fall directly contradicts the affidavit she submitted in this matter, wherein she makes no mention of seeing the liquid on the floor at any point prior to the alleged accident. (*See* ECF No. 77-13.)

any evidence that the wet area was visible or apparent, nor any evidence suggesting how long the condition had existed prior to his fall"), *and Riley v. Battery Place Car Park*, 210 F. App'x 76, 77 (2d Cir. 2006) (summary order) (finding no constructive notice because of plaintiff's "failure to show that the oil [patch] was visible or that it existed" for enough time prior to accident for defendant's employees to discover and remedy it).

Plaintiff's inability to demonstrate a visible and apparent defect deals a fatal blow to her constructive notice claim. *See, e.g.*, *Schwarz v. FedEx Kinko's Office*, No. 08-CV-6486, 2009 WL 3459217, at *13 (S.D.N.Y. Oct. 27, 2009) (granting summary judgment for the defendant when the plaintiffs failed to present any evidence that condition was visible and apparent); *Richards v. Pathmark Stores, Inc.*, No. 07-CV-1790, 2008 WL 3165582, at *7 (S.D.N.Y. Aug. 6, 2008) (same)); *Pinnock v. Kmart Corp.*, No. 04-CV-3160, 2005 WL 3555433, at *3 (S.D.N.Y. Dec. 29, 2005) ("[The p]laintiff has not shown that the hanger was visible and apparent...."); *Fay v. Bass Hotels & Resorts, Inc.*, No. 00-CV-9107, 2003 WL 21738967, at *4 (S.D.N.Y. July 28, 2003) ("[The p]laintiffs fail to present any facts showing [the dangerous condition]—which they allege was on the floor and caused [one of the plaintiffs] to slip—was 'visible and apparent.'"). "The mere presence of a liquid on the surface where Plaintiff slipped and fell is insufficient to establish constructive notice." *Ortiz*, 2019 WL 1171566, at *6 (quoting *Hammond-Warner v. United States*, 797 F. Supp. 207, 211 (E.D.N.Y. 1992)). Based on the record, a reasonable jury could not conclude that the liquid in the area where Plaintiff fell was visible and apparent. Accordingly, the Court awards Defendant summary judgment on Plaintiff's negligence claim.

### B. Existence for a Sufficient Time

If, as the Court determined above, a reasonable jury could not find that the liquid on the floor was visible and apparent prior to the accident, it certainly could not find that there was

sufficient time for Defendant to have discovered and remedied the condition. But even supposing that the condition had been visible and apparent, there is no evidence in the record to show how long there was clear liquid on the floor of the main aisle before Plaintiff fell. "Constructive notice requires a showing of a hazardous condition that was not only visible and apparent before the accident, but also in existence a sufficient length of time to allow the defendant to observe and remove it." *Grier v. R.H. Macy & Co., Inc.*, 173 A.D.2d 238, 238 (N.Y. App. Div. 1st Dep't 1991); *see Forgione v. Nickels & Dimes, Inc.*, No. 12-CV-0869(GTS)(CFH), 2014 WL 4626304, at *5 (N.D.N.Y. Sept. 15, 2014); *Gordon v. Am. Museum of Nat. History*, 501 N.Y.S.2d 646, 647 (1986). "To get to a jury, [Plaintiff] is required to provide some basis for an inference that the spill was there long enough to blame [Defendant] for the accident." *Watts*, 2018 WL 1626169, at *7 (quoting *Casierra v. Target Corp.*, No. 09-CV-1301, 2010 WL 2793778, at *3 (E.D.N.Y. July 12, 2010)).

As explained above, Munoz's testimony cannot help Plaintiff.[4] Munoz explained that she observed wet drops over ten feet from where Plaintiff testified that she slipped and fell, and *nowhere* else. (*See* Def.'s 56.1 ¶ 32.) In addition, Plaintiff "did not describe anything about the puddle itself, such as…dirt, or track marks, suggesting that it was on the floor for an appreciable amount of time." *See Cousin*, 2009 WL 1955555, at *8. But without evidence as to the duration of time the liquid had been on the floor, Plaintiff cannot present evidence of constructive notice. *See, e.g., Cobb v. Indus Ltd. P'ship,* No. 98-CV-3549, 1999 WL 115441, at *3 (E.D.N.Y. Jan.11, 1999)

---

[4] Even assuming, *arguendo*, that Munoz's testimony concerned the same alleged puddle where Plaintiff slipped and fell, Munoz observed the wet area approximately 15 minutes before Plaintiff's accident. (ECF No. 77-12 at 31:5; Def.'s 56.1 ¶ 28; ¶ 37.) The Court has previously found 25 to 30 minutes before a plaintiff's accident to be an insufficient amount of time to establish constructive notice. *See Lyman v. PetSmart. Inc*., 2018 WL 4538908, *8 (S.D.N.Y. Sept. 21, 2018); *see also Shimunov v. Home Depot U.S.A, Inc*., No. 11-CV-5136 KAM, 2014 WL 1311561, at *2 (E.D.N.Y. Mar. 28, 2014) (plaintiff could not establish constructive notice where the record showed the condition existed "at most, one hour before plaintiff's accident"). The Court similarly finds 15 minutes to be too short a time to establish constructive notice.

(no constructive notice where plaintiff did not see puddle before she fell and offered no evidence that someone walked through it or saw it before she fell).

"Courts in this Circuit therefore routinely grant summary judgment in favor of defendants when presented with facts much like those here: a plaintiff slipped on something on the floor, the plaintiff pointed to insufficient evidence of how long the substance had been on the floor, and there was no definitive proof of the last time the defendant inspected the floor." *Thomason*, 2022 WL 1137165, at *5. Here, "a reasonable jury could not conclude that [the liquid] had been on the floor for enough time before the accident to permit Defendant's employees to discover and remedy it." *Ortiz*, 2019 WL 1171566, at *6. Plaintiff has therefore failed to carry her burden to establish that the hazardous condition existed for enough time before the accident for the Defendant's employees to have discovered and remedied the hazard. *See Nussbaum*, 603 F. App'x at 12. Her failure to do so provides an additional basis for the Court to grant summary judgment to Defendant on Plaintiff's negligence claim.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 76, to enter judgment in favor of Defendant and close the case.

Dated:   April 3, 2024                                                    SO ORDERED:
             White Plains, New York

                                                                   NELSON S. ROMÁN
                                                             United States District Judge